IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES McGEE,
    Plaintiff,

vs.                                    Case No.: 5:15cv243/MMP/EMT

OFFICER BARNES, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff James McGee ("McGee"), an inmate of the Florida Department of Corrections ("FDOC"), is proceeding pro se and in forma pauperis in this civil rights action brought under 42 U.S.C. § 1983. Presently before the court is Plaintiff's Fifth Amended Complaint (ECF No. 29).[1] Defendant Cain filed a motion to dismiss McGee's claims against her (ECF No. 44). Defendants Barnes and Jackson filed a joint motion to dismiss McGee's request for compensatory and punitive damages to

---

[1] McGee references the Fourth Amended Complaint as the operative pleading (*see* ECF No. 57), but on April 28, 2017, the court found the Fourth Amended Complaint legally insufficient and directed the clerk of court to re-docket McGee's initial Complaint (ECF No. 1) as the Fifth Amended Complaint (*see* ECF No. 28, 29). The court instructed the clerk to do this, because McGee's First, Second, Third, and Fourth Amended Complaints were legally insufficient for various reasons (as set forth in the court's screening orders issued pursuant to 28 U.S.C. § 1915(e)(2)(B) (*see* ECF Nos. 17, 23, 26, 28), and McGee's initial Complaint was the only pleading which came close to stating a plausible claim for relief. The court would have served the initial Complaint, but before the court had an opportunity to issue a service order, McGee requested leave to amend the Complaint, and the court was required to honor his right to amend, *see* Fed. R. Civ. P. 15(a)(1). McGee is thus reminded that the Fifth Amended Complaint (which was also his initial Complaint) is the operative pleading.

the extent McGee sues Defendants in their official capacities (ECF No. 52). McGee has not responded to Defendant Cain's motion to dismiss, even though he was directed to do so (*see* ECF No. 45). McGee filed a response in opposition to Defendants Barnes and Jackson's motion to dismiss (ECF No. 57).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Upon consideration of the parties' arguments, the court concludes that the motions to dismiss should be granted.

I.  BACKGROUND

McGee names five Defendants in his Fifth Amended Complaint, Linda Cain, the Senior Health Services Administrator at Jackson Correctional Institution; Officer Donnell Barnes, a former prison official at Jackson C. I.; Patricia Jackson, a nurse at Jackson C.I.; and two members of the Jackson C.I. medical staff whose identities have yet to be verified (McGee identified them as ARNP Helms and Physician's Assistant Martinez, but he is in the process of verifying this) (*see* ECF No. 55; ECF No. 29 at 1–3).[2] McGee claims that Defendants failed to provide adequate medical care, in

---

[2] The page references in this Report and Recommendation are to the page numbers automatically assigned by the court's electronic docketing system rather than those assigned by the

violation of the Eighth Amendment (*id.* at 14). McGee seeks declaratory relief and compensatory and punitive damages (*id.*).

## II.  MOTION TO DISMISS STANDARD

Motions to dismiss for failure to state a claim are governed by Rule 12(b)(6). In applying that rule, the allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* Davis v. Monroe Cnty. Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006). The court may consider documents attached to a complaint or incorporated into the complaint by reference, as well as matters of which a court may take judicial notice. *See* Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007); Saunders v. Duke, 766 F.3d 1262, 1272 (11th Cir. 2014); Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal . . . .").

---

parties.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a "formulaic recitation of the elements" of a claim

"are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

## III. FACTUAL ALLEGATIONS OF THE FIFTH AMENDED COMPLAINT

McGee alleges he is diabetic and receives daily injections of insulin to control his condition (ECF No. 29 at 6). McGee alleges he suffered a stroke in January of 2007, when he was housed at a county jail (*id.* at 7). He alleges the stroke left him partially mobile and able to walk only short distances, and he requires a wheelchair for safe mobility (*id.*). McGee alleges when we was received into the FDOC at the Northwest Florida Reception Center ("NWFRC") in November of 2007, he possessed a wheelchair (*id.*). McGee alleges while he was housed at the NWFRC, he requested protective footwear, i.e., Brogan boots, but was only provided soft, cotton shoes which provided no support and minimal protection for his feet (*id.*). McGee alleges in April of 2008, he was transferred to the Brevard County Jail, where he was housed until February of 2012 (*id.* at 8).

McGee alleges he was transferred back to the FDOC, specifically, Jackson C.I., in February of 2012 (ECF No. 29 at 8). He alleges that upon his arrival, Defendant Barnes confiscated his wheelchair despite the fact that he had a valid wheelchair "pass" (*id.*). McGee alleges Barnes knew that confiscating the wheelchair placed McGee in jeopardy of permanent injury (*id.*). McGee alleges not only was he without a wheelchair, but also the medical staff "failed and/or refused" to provide him protective footwear, thus requiring him to walk in the soft, cotton shoes (*id.*). McGee alleges that same month, February of 2012, he was examined by Defendant ARNP Helms, who stated she had processed the necessary forms for McGee to see a doctor concerning his feet (*id.* at 9). McGee alleges he was never seen by a doctor (*id.*), but he was transferred to the Regional Medical Center ("RMC") for the purpose of obtaining protective footwear (*see* ECF No. 14 at 5–6).

McGee alleges while he was at the RMC, he received a call-out to the medical department, and his toenails were clipped, but he was not evaluated by a doctor, nor did he receive protective footwear (*id.* at 6).

McGee alleges he was returned to Jackson C.I. on March 16, 2012 (ECF No. 14 at 6). McGee alleges on April 22, 2012, while he was en route to the medical department for his daily diabetic treatment, he tripped while wearing the cotton shoes

(ECF No. 21 at 9; ECF No. 29 at 9). McGee alleges when he arrived at the medical department, another inmate noticed that his shoe was torn and his right big toe was bleeding (*id.*). McGee alleges his right shoe was so worn that it had a hole in the top, exposing his big toe (*id.*). McGee alleges Defendant Nurse Jackson told McGee that when he tripped, he burst a blister (*id.*). McGee alleges Jackson provided bandages and antibiotic ointment (*id.*). McGee alleges he used the bandages and ointment for one week, but his condition did not improve (*id.*).

McGee alleges that on April 24, 2012, he submitted an inmate request to Defendant Cain, stating that he had issues with his feet and that a doctor at RMC told him he "would see about getting me some shoes" (ECF No. 29 at 9, Ex. A). McGee requested that Cain schedule him to see a doctor (*id.*). Defendant Cain responded that she would refer his chart to a doctor "to see about shoes" (*id.*).

McGee alleges he declared a medical emergency on June 20, 2012, and was seen by Defendant Nurse Jackson and Defendant Physician's Assistant Martinez (*see* ECF No. 14 at 6). McGee alleges he was provided epsom salt to soak his foot, but after two weeks, his condition did not improve (ECF No. 29 at 10). McGee alleges he continued to complain that his big toe was infected and had turned "coal black," including by filing a grievance on November 6, 2012 (*see* ECF No. 14 at 7; ECF No.

29 at 10).  McGee alleges Defendant Nurse Jackson and Defendant Physician's Assistant Martinez examined him, but only provided ibuprofen for pain (ECF No. 29 at 10).  McGee alleges during this time, he never received protective footwear (*id.* at 11).

McGee alleges he was again transferred to the RMC, where a wound care specialist examined his foot and "became outraged that Jackson medical staff waited so long to act" (ECF No. 29 at 10–11).  McGee alleges gangrene had set in, and on December 18, 2012, doctors amputated his big toe (*id.* at 11).  McGee alleges the disease had spread, so doctors amputated his second toe on January 6, 2013 (*id.*). McGee alleges he was finally provided a wheelchair (*id.*).  He alleges he was transferred to the Northwest Florida Reception Center and received Brogan boots in 2014 (*id.* at 11–12).  McGee alleges he now wears a custom, form-fitting boot to accommodate his missing toes (*id.* at 12).

IV.   ANALYSIS

    A.   Defendant Cain's Motion to Dismiss

Defendant Cain seeks dismissal of McGee's Eighth Amendment claim against her, on the ground that he has pled no facts against her (*see* ECF No. 44 at 3).

The Eighth Amendment prohibits infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. Stating a claim under the clause thus requires satisfying two minima (from which the case law has ultimately derived four requirements). First, there must be, objectively speaking, conduct by public officials "sufficiently serious" to constitute a cruel or unusual deprivation—one "denying 'the minimal civilized measure of life's necessities.'" Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)). Second, there must be a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish. *See* Wilson, 501 U.S. at 300 ("The source of the intent requirement is not the predilections of this Court, but the Eighth Amendment itself, which bans only cruel and unusual *punishment*. If the pain inflicted is not formally meted out *as punishment* by the statute or the sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify." (emphasis in original)).

In the context of denial of medical care, each of these minima has been more specifically described as encompassing two subsidiary requirements. To show an objectively serious deprivation, it is necessary to demonstrate, first, an objectively

"serious medical need[ ]," Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), one that, if left unattended, "pos[es] a substantial risk of serious harm," Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).  Second, it is necessary to demonstrate that the response made by the public official to that need was poor enough to constitute "an unnecessary and wanton infliction of pain," and not merely accidental inadequacy, "negligen[ce] in diagnosi[s] or treat[ment]," or even "[m]edical malpractice" actionable under state law, Estelle, 429 U.S. at 105–06.³  Similarly, to show the required subjective intent to punish, a plaintiff must demonstrate that the public official acted with an attitude of "deliberate indifference," Estelle, 429 U.S. at 105, which is in turn defined as requiring two separate things:  "aware[ness] of facts from which the inference could be drawn that a substantial risk of serious harm exists [ ] and . . . draw[ing of] the inference," Farmer, 511 U.S. at 837.  Ultimately, there are thus four requirements: an

---

³ A corollary to this requirement for a great deal more than negligence is that a public official who does act reasonably in response to a serious medical need "cannot be found liable under the Cruel and Unusual Punishments Clause," Farmer, 511 U.S. at 845, "even if the harm ultimately was not averted," *id.* at 844.

Case No.: 5:15cv243/MMP/EMT

objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts. *See* Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000).

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. *See* Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983) "Because vicarious liability is inapplicable to [ ] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Under Iqbal, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.*, 556 U.S. at 677. "[S]upervisors are liable under [section] 1983 'either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation.'" Myers v. Bowman, 713 F.3d 1319, 1328 (11th Cir. 2013) (quoting Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010)). Facts sufficient to establish a causal connection include those "which support an inference that the supervisor directed the subordinates to act unlawfully or knew

that the subordinates would act unlawfully and failed to stop them from doing so." Keating, 598 F.3d at 762 (internal quotation omitted).  The factual allegations of the complaint must plausibly show that the supervisory official acted with the same mental state required to establish a constitutional violation against his subordinate; therefore, the court must first identify the precise constitutional violation charged and explain what the violation requires.  *See* Franklin v. Curry, 738 F.3d 1246, 1250 (11th Cir. 2013).  For example, in the Eighth Amendment context, a defendant must have a subjective awareness of a serious medical need, and his or her response must be objectively insufficient in relation to that need.  *See* Taylor, 221 F.3d at 1258.

Here, the only factual allegations against Senior Health Services Administrator Cain are that on April 24, 2012, McGee submitted an inmate request to her, stating that he had issues with his feet and that a doctor at RMC told him he "would see about getting me some shoes," and requesting that Cain schedule him to see a doctor (ECF No. 29 at 9, Ex. A).  Defendant Cain responded that she would refer his chart to a doctor "to see about shoes" (*id.*).  Assuming these allegations are true, they do not plausibly suggest that Defendant Cain provided an objectively insufficient response to McGee's complaint.  To the contrary, Defendant Cain responded reasonably by telling McGee that she would refer his request to a doctor.  McGee does not allege any

facts suggesting that Cain did not refer his request to a doctor, or that she deliberately did not do so. Nor does McGee allege facts suggesting that the delay in his receiving protective footwear was otherwise attributable to deliberate indifference on the part of Defendant Cain. Therefore, Defendant Cain's motion to dismiss should be granted.

B. <u>Defendants Barnes and Jackson's Motion to Dismiss</u>

Defendants Barnes and Jackson argue that to the extent McGee sues each of them in his or her official capacity for compensatory and punitive damages, the claims are barred by Eleventh Amendment immunity (*see* ECF No. 52). In McGee's response, he confirms he is indeed suing Defendants in both their individual and official capacities (*see* ECF No. 57 at 4). McGee requests that the court deny the motion to dismiss (*id.*).

The Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. *See* <u>Edelman v. Jordan</u>, 415 U.S. 651, 662–63, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment bars McGee's claims for monetary damages against Defendants Barnes

and Jackson in their official capacities. Therefore, Defendants' motion to dismiss should be granted.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Defendant Cain's motion to dismiss (ECF No. 44) be **GRANTED**, and Plaintiff's claims against her be **DISMISSED** for failure to state a claim on which relief may be granted.

2. That Defendants Barnes and Jackson's motion to dismiss (ECF No. 52) be **GRANTED**, and Plaintiff's claims for compensatory and punitive damages against Defendants in their official capacities be **DISMISSED** pursuant to the Eleventh Amendment.

3. That this case be recommitted to the undersigned for further proceedings on Plaintiff's remaining claims.

At Pensacola, Florida this 20th day of February 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**